UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID BRIAN STOKES                                        PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:04CV904LN

BOBBY WILDER and PERRY GANN                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on motion of defendant Robert
A. Wilder, incorrectly named in the complaint as "Bobby Wilder,"
to dismiss this action with prejudice pursuant to Rules 12(b)(4)
and/or 12(b)(5) and 12(b)(6) of the Federal Rules of Civil
Procedure. Plaintiff David Brian Stokes has responded in
opposition. The court, having considered the submissions of the
parties, concludes that defendant's motion should be granted.

On November 5, 2004, Stokes filed suit against the
Mississippi Department of Wildlife, Fisheries and Parks and two of
its employees, Robert A. Wilder and Perry Gann, pursuant to 42
U.S.C. § 1983, for alleged violations of his constitutional
rights.[1] Plaintiff claims that Wilder and Gann, after receiving
complaints that a co-worker of his had engaged in illegal deer
hunting, launched an undercover sting operation. Stokes alleges
that he was pressured by Gann to go hunting for deer at night
using a spotlight, and when he agreed, Gann provided the
transportation, spotlight and weapon. While it is unclear what

_____

[1]  The Department of Wildlife was dismissed from this action
on April 29, 2005 on grounds of Eleventh Amendment immunity, and
it does not appear from the record that Gann has been served with
process.

exactly transpired that night, it appears that Stokes was charged with headlighting deer in violation of Mississippi Code Annotated § 49-7-95, charges which were ultimately dismissed by the County Court of Lauderdale County, Mississippi.  Plaintiff specifically contends in this action that Wilder's actions constituted entrapment, and generally asserts that Wilder's actions resulted in a violation of his constitutional rights, "a denial of due process and legal protection," and "a specific violation of 42 U.S.C. § 1983."  He is seeking one million dollars in damages.

Defendant Wilder filed the instant motion to dismiss based on insufficiency of process, or in the alternative, assuming he was properly served, based on Eleventh Amendment immunity, qualified immunity, and the statute of limitations.[2]

With respect to Wilder's first ground for dismissal, that is, insufficient service of process, he submits that the complaint in this action was filed November 5, 2004, and accordingly, he should have been served with process on or before March 5, 2005.  He maintains that he was not served with process during this time, nor did Stokes seek to obtain an extension of time to serve process.  Instead, Stokes waited until September 8, 2005 to move for an extension of time to serve Wilder and Gann, claiming that

---

[2]  It is not clear from plaintiff's amended complaint whether he intended to sue the individual defendants in their individual capacities or in their official capacities or both.  As such, the court assumes for the purposes of this motion to dismiss that Gann and Wilder have been sued in both their official and individual capacities.

he did not learn of the residential addresses of the defendants until August 31, 2005 and his attempts to serve these defendants were impeded by Hurricane Katrina. His request for an additional 120 days was granted by Magistrate Judge Alfred G. Nicols, and Wilder was served with process on October 17, 2005. Wilder has asked the court to rescind the magistrate judge's order of extension, claiming it was based on misrepresentations by Stokes, and to dismiss this cause for failure to serve process within 120 days of the filing of the complaint. In response, plaintiff submits that he made several attempts to serve Wilder at home without success and ultimately hired a "private individual" to watch Wilder's residence, confirm that he indeed lived there, and determine when Wilder typically could be found at home. He insists that he did not make any misrepresentations to the magistrate judge, but did explain in detail the difficulty he had encountered in attempting to serve defendants Wilder and Gann, and the magistrate judge, in his discretion, found good cause to grant the extension. Under the circumstances, the court is not inclined to disturb the ruling of Magistrate Judge Nicols and, therefore, finds that service of process on defendant Wilder was ultimately carried out within the time allowed by the extension.

Secondly, Wilder asserts that plaintiff's claims against him in his official capacity as an agent with the Department of Wildlife are barred by the Eleventh Amendment, and the court agrees. "The Eleventh Amendment bars claims against a state

brought pursuant to 42 U.S.C. § 1983," <u>Aguilar v. Texas Dept. of Criminal Justice</u>, 160 F.3d 1052, 1054 (5th Cir. 1998), as well as claims brought under state law, <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 120, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). State agencies, departments, instrumentalities, and individuals, sued in their official capacity, are also immune from suit on Eleventh Amendment grounds. <u>Id.</u>; <u>see also</u> <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998)(holding an instrumentality of the state was immune from suit). Because Stokes seeks only monetary damages, not injunctive relief,[3] the court finds that his official capacity claims against Wilder should be dismissed.

Defendant Wilder has also moved to dismiss plaintiff's § 1983 claims against him in his individual capacity on the ground of qualified immunity. "'Qualified' or 'good faith' immunity shields government officials performing discretionary functions from liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Babb v. Dorman</u>, 33 F.3d 472, 477 (5th Cir. 1994) (quoting <u>Jacquez v. Procunier</u>, 801 F.2d 789, 791 (5th Cir. 1986)). In determining if qualified immunity applies, the court must decide: (1) whether the plaintiff has alleged a violation of

---

[3] While suits for monetary damages brought against an individual in his official capacity are barred by the Eleventh Amendment, a plaintiff's claims for injunctive relief fall squarely within the <u>Ex Parte Young</u> exception. <u>Ex Parte Young</u>, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident.  Id.  Qualified immunity provides for mistaken judgment and protects "all but the plainly incompetent or those who knowingly violate the law."  Id.  Wilder argues that plaintiff cannot state a claim for constitutional violations by relying on the state court's finding of entrapment, in that entrapment is not a constitutional offense, see DiBlasio v. City of New York, 102 F. 3d 654 (2nd Cir. 1996), and furthermore, to the extent that plaintiff has claimed a "denial of due process," he has not alleged the kind of outrageous conduct necessary to state a substantive due process claim.

In response, Stokes relies heavily on the final judgment issued by Lauderdale County Court Judge Frank M. Coleman in the criminal case against him and the findings of fact contained therein and insists that it is "obvious" that the conduct of Gann and Wilder constituted "numerous constitutional violations" and that they knowingly violated the law.  However, the court is not inclined to agree.

As defendant points out, plaintiff does not refer to any specific facts in his complaint involving the conduct of defendant Wilder.  See Estate of Davis ex rel. McCully v. City of North Richland Hills, 2005 WL 827129, *3 (5th Cir. 2005) (recognizing that a plaintiff has the burden to rebut the qualified immunity

defense, once raised by a defendant, "by establishing that the official's allegedly wrongful conduct violated clearly established law"). A copy of Judge Coleman's opinion, attached to the complaint, states only that Wilder, as the local agent, requested the undercover operation. Even assuming for the sake of argument that plaintiff has alleged a violation of a clearly established constitutional right, the court is of the opinion that it cannot be said that Wilder's actions were objectively unreasonable. Accordingly, the claims against Wilder in his individual capacity will be dismissed.[4]

In addition, plaintiff has filed a motion to amend his complaint for a second time, "so that plaintiff may more specifically delineate [his] allegations." The court has reviewed plaintiff's proposed second amended complaint and is of the opinion that such amendment would be futile, in that the amendment would not alter the court's conclusion with respect to Wilder's motion to dismiss. Accordingly, plaintiff's motion to amend his complaint is denied.

---

[4] Defendant Wilder has argued in the alternative that plaintiff's claims are time-barred, in that a three-year statute of limitations applies pursuant to Mississippi Code Annotated § 15-1-49 and Stokes was arrested for gaming violations on January 26, 2001, but did not file suit until November 5, 2004. In response, plaintiff agrees to the three-year limitations period, but argues that his cause of action did not accrue until March 31, 2003, when he became aware of all of the facts of the case during the trial of this matter in state court. Because the court has concluded that plaintiff's claims against defendant Wilder are due to dismissed on grounds of immunity, it is not necessary to determine the merits of this alternative argument.

Based on the foregoing, it is ordered that defendant Wilder's motion to dismiss is granted.

SO ORDERED this 13th day of January, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE