# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**DAVID BRIAN STOKES**                                         **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:04CV904LS**

**PERRY GANN**                                         **DEFENDANT**

## ORDER

This matter came before the court on the Defendant Perry Gann's Motion to Require Specific Reply to Immunity Defenses and to Hold Discovery in Abeyance. The Motion was filed on January 17, 2006, and, as of this date, the Plaintiff has submitted no response. Therefore, to the extent that the Motion seeks a specific reply to the immunity defenses asserted in this Defendant's Answer, the Motion will be granted and a date certain set for the submission of a specific reply. Failure to submit such a reply, by way of an Amended Complaint, by that date may result in a recommendation to the District Judge that this matter be dismissed.

However, the question of a stay is more problematic. Unif. Local R. 16.1(B)(4) provides for a stay when an immunity defense is raised by **motion**. Raising the defense in an answer cannot mandate a stay, because the court cannot be expected to review every answer filed in every matter to determine whether the case should be stayed. Additionally, if the defense is not before the court pursuant to a motion, the stay could be indefinite. The court notes that a stay order was entered on November 8, 2005, pursuant to a Motion filed by former Defendant Bobby Wilder. Since that stay has not yet been lifted, the court will not set a Case Management Conference at this time. However, this Defendant must file a Motion to Dismiss based on his own immunity argument, or the case will be permitted to proceed.

IT IS, THEREFORE, ORDERED that the Defendant Perry Gann's Motion to Require Specific Reply to Immunity Defenses and to Hold Discovery in Abeyance is hereby **granted** in part and **denied** in part, as follows:

1. The Plaintiff shall submit an Amended Complaint that specifically responds to the immunity defenses raised in the Defendant's Answer on or before March 21, 2006.

2. The Defendant shall submit a Motion to Dismiss, based on his immunity defenses, on or before March 28, 2006.

IT IS SO ORDERED, this the 3rd day of March, 2006.

                                                      S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE